IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIX ANYELINE RODRIGUEZ-PAULINO, aka "Jerry Santiago Andino", aka "Angelo Osorio", aka "Angelo Rodríguez", aka "Félix Rodríguez", aka "Angelo Rosario", aka "Eduardo Rosario" , aka "Jerry Santiago"<br><br>Defendant. | CRIMINAL NO.  07-420 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Félix Anyeline Rodríguez-Paulino was charged in a two- counts Indictment and has agreed to plead guilty to Count One which charges that on or about October 2, 2007, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, with intent to deceive, did knowingly falsely represent number 583-53-XXXX, to be the Social account number assigned by the Commissioner of Social Security to him, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him.  All in violation of Title 42, <u>United States Code</u>, Section 408(a)(7)(B).

On December 3, 2007, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury in each case, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Félix Anyeline Rodríguez-Paulino,
Criminal No. 07-420 (JAG)
Report and Recommendation
Page No. 2

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Lydia Lizarribar-Buxó and Joseph Boucher-Martínez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Félix Anyeline Rodríguez-Paulino,</u>
Criminal No. 07-420 (JAG)
Report and Recommendation
Page No. 3

Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorneys Lizarribar and Boucher, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty as follows: a maximum term of imprisonment of five (5) years, a term of supervised release of up to three (3) years and a fine of two hundred fifty thousand dollars ($250,000.00). Defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund, pursuant to Title

<u>United States of America v. Félix Anyeline Rodríguez-Paulino,</u>
Criminal No. 07-420 (JAG)
Report and Recommendation
Page No. 4

18, <u>United States Code</u>, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appear on pages three (3) to four (4), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1, the Base Offense Level is of Six (6) which shall be reduced by two (2) levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b), for a Total Offense Level of Four (4), with a sentencing range of zero (0) to six (6) months of imprisonment at a Criminal History Category of I.

As indicated in paragraph ten (10) of the Agreement, the parties have agreed to recommend a sentence of three (3) months of imprisonment, provided that defendant's Criminal

Case 3:07-cr-00420-JAG   Document 27   Filed 12/04/07   Page 5 of 7

United States of America v. Félix Anyeline Rodríguez-Paulino,
Criminal No. 07-420 (JAG)
Report and Recommendation
Page No. 5

History Category is I, II or III. Should defendant's Criminal History Category be greater than III, then the parties agree to the lower end of the applicable sentencing guideline range.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Pursuant to paragraph thirteen (13), upon sentencing for Count One, the United States will request the dismissal of the remaining counts of the Indictment pending against this defendant.

Pursuant to paragraph seventeen (17) of the Agreement, defendant is not a citizen of the United States, and he is advised that conviction of the offense for which he has been charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of

Case 3:07-cr-00420-JAG   Document 27   Filed 12/04/07   Page 6 of 7

United States of America v. Félix Anyeline Rodríguez-Paulino,
Criminal No. 07-420 (JAG)
Report and Recommendation
Page No. 6

the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Government's Version of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph twenty one (21) a waiver of appeal.

<u>United States of America v. Félix Anyeline Rodríguez-Paulino,</u>
Criminal No. 07-420 (JAG)
Report and Recommendation
Page No. 7

    Defendant waived the reading in open court the Indictment because he is aware of its content, and was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 07–420 (JAG).

    This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 07-420 (JAG).

**IT IS SO RECOMMENDED.**

    The sentencing hearing will be held on March 7, 2008 at 11:00 a.m. before Honorable Jay García-Gregory, District Court Judge.

    San Juan, Puerto Rico, this 4th day of December of 2007.

                                            s/ CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ-RIVE
                                            UNITED STATES MAGISTRATE JUDGE